**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Peter L. WILKERSON, Defendant—Appellant.**

No. 01–30350.
D.C. No. CR–01–00028–L.

United States Court of Appeals, Ninth Circuit.

Submitted April 3, 2002.*

Decided Aug. 15, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Peter Linn Wilkerson appeals the district court's denial of his requests for substitution of counsel and continuance of sentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Because the parties are familiar with the facts, we recite here only those facts necessary to explain our decision. With respect to the request for substitution of counsel, Wilkerson argues that the district court did not conduct an adequate inquiry to support its decision. We disagree. At the September 21, 2001 hearing, the district court asked Wilkerson to describe the problems he was having with Robert Goldsmith, his court-appointed counsel. When Wilkerson indicated that he wanted to rely on the explanation contained in his letter requesting substitution of counsel, the district court reviewed the letter and concluded, "[T]he entire thrust of the letter is that Mr. Wilkerson is unhappy that Mr. Goldsmith did not obtain the results of a prior MRI and did not assist him in getting a new MRI." The district court noted that Wilkerson had attached an exhibit to his letter, but declined to discuss it on the record since it contained privileged information. The district court did, however, state, "[M]y review of the [exhibit] assures the Court that Mr. Goldsmith took important and pertinent steps in looking into [getting an MRI], as an attorney in his situation should . . . ." The district court also noted that Goldsmith explored mental health issues, and had two "excellent experts in this area" examine Wilkerson. The district court's inquiry was "adequate to create a 'sufficient basis for reaching an informed decision.'" *See United States v. Musa*, 220 F.3d 1096, 1102 (9th Cir.) (citation omitted), *cert. denied*, 531 U.S. 999, 121 S.Ct. 498, 148 L.Ed.2d 469 (2000).

■ Wilkerson also argues that the district court abused its discretion by denying his request for a continuance. Wilkerson had claimed that a continuance was required so that he could "obtain necessary medical documentation" (the MRI results)

that was "essential" to his case. However, Wilkerson is unable to show that the absence of the MRI results prejudiced his case. *See United States v. Bauer*, 84 F.3d 1549, 1562 (9th Cir.1996) ("To reverse a trial court's denial of a continuance, an appellant must show that the denial prejudiced her defense.") (citation omitted). In fact, the district court's findings with respect to Wilkerson's request for substitution of counsel suggest otherwise. We, therefore, conclude that the district court was within its discretion to deny Wilkerson's request for a continuance.

**AFFIRMED.**

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.